**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS LEMON : | |
| 1623 Linda Drive : | |
| West Chester, PA 19380 : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | DOCKET NO.: |
| : | |
| UNIVERSITY OF PENNSYLVANIA : | |
| HEALTH SYSTEM d/b/a THE TRUSTEES : | **JURY TRIAL DEMANDED** |
| OF THE UNIVERSITY OF : | |
| PENNSYLVANIA : | |
| 800 Spruce Street : | |
| Philadelphia, PA 19107 : | |
| and : | |
| PENN MEDICINE : | |
| 800 Spruce Street : | |
| Philadelphia, PA 19107 : | |
| : | |
| Defendants : | |
| : | |

**COMPLAINT**

Plaintiff, Thomas Lemon (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

**I.   Introduction**

1.   Plaintiff initiates the instant action to redress violations by Defendants of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq.*), the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance.[1]   Plaintiff asserts, *inter alia*, that he was unlawfully

---

[1] Plaintiff's claims under the PHRA and the PFPO are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA.  Plaintiff's PHRA and PFPO claims however will mirror identically his federal claims under the ADA.

terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II. Jurisdiction and Venue

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

### III. Parties

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendants own and operate various health care facilities.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. Factual Background

11. The foregoing paragraphs are incorporated here in their entirety as if set forth in full.

12. Plaintiff was hired by Defendants on or about September 12, 2016, and generally performed plumbing, maintenance and HVAC work for Defendants as a full-time employee.

13. Plaintiff worked at various facilities for Defendants, including but not limited to, their main hospital at 3400 Spruce Street, the Perelman Center at 3400 Civic Center Blvd., and the boiler plant down near the Philadelphia International Airport.

14. In the Spring of 2021, Plaintiff began having very severe health complications and was ultimately diagnosed Type 1 Diabetes.

15. Plaintiff's condition was (and currently remains) <u>life threatening</u> as it substantially limits a major life activity of endocrine functioning, and at times Plaintiff's ability to work.[2]

16. In the months leading up to Plaintiff's termination from employment (occurring on or about November 1, 2021), he was receiving continual medical treatment, trying different medications and therapy, and generally trying to get his health under control.

17. As of his termination, his physicians were still attempting to regulate the proper dosage / type of medication(s) he needed; Plaintiff was wearing an insulin pump and also carried additional insulin on himself to inject when medically necessary.

---

[2] In *Blackard v. Livingston Parish Sewer Dist.*, 2014 U.S. Dist. LEXIS 5490 (M.D. La. 2014)(finding diabetes to "easily" meet the definition of the ADA, as amended), the court explained:

> The ADA regulations indicate that, in light of the principles set forth in the Amendments, certain types of impairments will be found, ***in virtually all cases, to constitute a "disability" under the ADA***. The regulations explain that, "[g]iven their inherent nature, these types of impairments will, as a factual matter, ***virtually always be found to impose a substantial limitation on a major life activity" and therefore should demand only a "simple and straightforward" assessment***. For example, the regulations state that it "should easily be concluded" that:
>
> Deafness substantially limits hearing; blindness substantially limits seeing; an intellectual disability ... substantially limits brain function; partially or completely missing limbs or mobility impairments requiring the use of a wheelchair substantially limit musculoskeletal function; autism substantially limits brain function; cancer substantially limits normal cell growth; cerebral palsy substantially limits brain function; ***diabetes substantially limits endocrine function***; epilepsy substantially limits neurological function; Human Immunodeficiency Virus (HIV) infection substantially limits immune function; multiple sclerosis substantially limits neurological function; muscular dystrophy substantially limits neurological function; [*11] and major depressive disorder, bipolar disorder, post-traumatic stress disorder, obsessive compulsive disorder, and schizophrenia substantially limit brain function....

*See Id.* at * 9. (emphasis added).

18. Plaintiff's direct manager was one Rick Savage ("Savage"), a manager of Plant Operations who had recently been elevated from being a general electrician and supervisor.

19. Savage's manager was one Francis (a/k/a Frank) Connelly, a Director of Physical Plant and Assistant Executive Hospital Director.

20. Plaintiff made it overwhelming clear to his management that he was suffering from a fast on-set and serious case of Diabetes.

21. Importantly, Plaintiff wanted to ensure that if something happened to him in the workplace, that people knew why and that it was medical-related.

22. Additionally, Plaintiff needed to undergo ongoing therapy and treatment, which may require time off from work.

23. On or about October 27, 2021, Plaintiff was getting very ill at work as a direct result of his Diabetes.

24. Plaintiff went to a private place (in what can be referred to as a locker area) and sat down to inject himself with medication; Plaintiff then fainted and became unconscious because he could not inject himself promptly enough.

25. Savage, a grossly untrained and unprofessional manager, saw Plaintiff unconscious (in what is properly referred to as a "Diabetic coma"); instead of calling for help, getting Plaintiff immediate medical attention or doing anything that would exhibit *a shred of common human decency*, Savage actually thought it was humorous and took pictures of Plaintiff unconscious and with medication in his hand.

26. When Plaintiff regained consciousness, Plaintiff then saw Savage in his presence.

27. Savage stated Plaintiff was sleeping on the job (while smirking), which Plaintiff immediately found to be outrageous and offensive (as he was literally confused, dizzy and suffering) and had made Savage aware of his current serious medical condition.

28. Plaintiff's physician provided medical documentation to support that: (a) Plaintiff had a hypoglycemic event; (b) Plaintiff's own insulin monitor evidenced the hypoglycemic event; and (c) Plaintiff needed to be medically excused from work on October 27, 2021 (despite having worked the entire day) and October 28, 2021.

29. All of the aforesated information was shared with Defendants' management prior to November 1, 2021.

30. Plaintiff had a meeting earlier in the day with Savage and Connelly (expecting to resume work in the evening as Plaintiff was a graveyard shift employee) on or about November 1, 2021 (after having not worked since this shift wherein he had a medical episode).

31. Savage and Connelly presented Plaintiff with a short-typed letter one or both of them had prepared and telling Plaintiff to sign the resignation letter <u>*or be immediately terminated*</u>.

32. Plaintiff was told if he didn't sign the resignation letter, he would be immediately terminated and Defendants would fight his unemployment and cancel his medical insurance immediately.

33. Plaintiff was further told if he signed the resignation letter, he would at least get another month of medical insurance, Defendants would not fight his unemployment, and he may as well since he was being terminated no matter what.

34. Being caught so off guard and knowing he was terminated anyway; Plaintiff signed the "resignation" letter they issued out of panic for desperately needing health insurance.

35. Plaintiff was never offered leave under the Family and Medical Leave Act ("FMLA") despite notifying Defendants of ongoing health problems (since the summer of 2021), a need to miss time from work at times, and for use of FMLA as to medical breaks during work. *See e.g. Myles v. Univ. of Pa. Health Sys.*, 2011 U.S. Dist. LEXIS 142342, at *20 (E.D. Pa. 2011)(denying summary judgment and explaining the failure of the University of Pennsylvania Health System to properly designate medically needed breaks as FMLA would constitute interference or retaliation).[3]

36. Though Plaintiff legally qualified for FMLA protections (having worked for more than one (1) full year, and worked more than 1,250 hours in the time frame preceding his notice of a qualifying need for leave), Plaintiff was unaware of his statutory rights under the FMLA, and Defendants failed in every manner to abide by the FMLA.

37. Additionally, Plaintiff rarely ever took breaks (despite having such breaks deducted from his payroll), and was entitled to varying breaks throughout his shift.

---

[3] It is well established that FMLA leave is permitted for whole days, partial days or medical-related breaks under the FMLA. *See e.g. Mora v. Chem-Tronics, Inc*., 16 F.Supp.2d 1192 (S.D. Cal. 1998)(Employees may take leave ***in any size increments*** and employers may account for the leave in the shortest period of time the payroll system uses to calculate absences. 29 C.F.R. § 825.203(d)(final regulations).f *See also Sabbrese v. Lowe's Home Centers, Inc.,* 320 F.Supp.2d 311 (W.D.Pa.2004)(explaining that *an employer is prohibited from counting medically necessary breaks against an employee* under the FMLA)(emphasis added); *See also Collins v. U.S. Playing Card Co*., 466 F.Supp.2d 954 (S.D. Ohio 2006)(same). Intermittent medical leave is available for leaving early or coming in late. *See supra; See also Murphy v. Brown*, 2010 WL 1292704 (N.D.Ill.,2010)(denying summary judgment on plaintiff's interference claim because the FMLA is intended to cover small increments of leave including lateness of an employee, and there was a factual question as to whether the employer counted lateness that should have been considered FMLA leave); *Hite v. Vermeer Mfg. Co.,* 446 F.3d 858 (8th Cir.2006)(affirming jury verdict that employee was terminated in retaliation for exercising FMLA rights, including using intermittent FMLA leave to arrive 15 or 30 minutes late to work); *Agbejimi v. Advocate Health and Hospitals Corp.*, WL 2589129 (N.D.Ill.,2009)(summary judgment denied because lateness is specifically covered by the FMLA and there was evidence the employer considered possibly FMLA qualifying lateness in terminating plaintiff); *Bosse v. Baltimore County*, 692 F.Supp.2d 574 (D.Md.,2010)(denying summary judgment on plaintiff's interference claim wherein a jury could conclude lateness that was FMLA qualifying may have been considered in the decision to terminate plaintiff); *Scott v. Cintas Corp*., WL 22048055 (N.D. Ill. 2003)(summary judgment denied where it appeared employer counted an FMLA qualifying lateness of employee caring for another with a serious health condition).

38. Any time Plaintiff utilized for a medical emergency could have easily been construed as break time.[4] Knowing Plaintiff's break was for a medical emergency, Defendants' management intentionally tried to avoid labelling Plaintiff's separation a "termination," though it objectively was a termination/constructive discharge, a he resigned under outright threats as outlined above.

### Count I
### Violation(s) of the Family and Medical Leave Act ("FMLA")
**(Interference & Retaliation)**
**- Against All Defendants -**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff worked for Defendants who were engaged in interstate commerce, and Plaintiff worked 1, 250 hours and more than 1 year making him eligible for FMLA leave in 2021.

47. Plaintiff was not afforded proper notice of his right to take FMLA leave on an intermittent basis during any point in 2021 after he made Defendants' management aware of his diagnosis, condition and need for treatment - which right to FMLA leave could have included leave in small increments of time.[5]

48. Defendants' failure to properly notify Plaintiff of his rights and responsibilities prejudiced Plaintiff's ability to take leave in 2021, and including up through his separation.

---

[4] Further, it is well established all over the United States that when an employee requires time off from work or breaks for medical reasons, it can be a "reasonable accommodation."

[5] FMLA leave may be taken in periods of whole weeks, single days, hours, and in some cases even less than an hour. The employer must allow employees to use FMLA leave in the smallest increment of time the employer allows for the use of other forms of leave, as long as it is no more than one hour.

49. Plaintiff's need for an FMLA-qualifying break for his medical condition (including the need to take insulin and recuperate) was a direct consideration in Defendants' decision to terminate his employment.

50. Defendants' actions as aforesaid constitute interference and retaliation violations of the FMLA, and also a hostile work environment and unlawful dissuasion.

## Count II
## Violation(s) of the Americans with Disabilities Act ("ADA")
(Discrimination/Retaliation)

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff suffering from a qualifying disability, as that term is defined by the ADA, as amended including Diabetes and any related medical conditions.

53. Plaintiff's disability substantially limited various major life activities, including but not limited to endocrine functioning and his ability to work at times.

54. Plaintiff put Defendants on notice of his need for a reasonable accommodation, in the form of time off of work/breaks to treat his Diabetic condition.

55. Defendants failed to engage in any good faith interactive process, and instead terminated Plaintiff in direct relation to his disability status (including his actual/record or perceived disabilities) and in retaliation for pursuing reasonable medical accommodations/objecting to mistreatment based upon his disability status/need for accommodations.

56. Plaintiff suffered all of the foregoing adverse actions referenced in this Complaint due to his actual and/or perceived health problems and/or in retaliation for him requesting medical accommodations/objecting to discriminatory mistreatment.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings (including but not limited to stemming from lost potential business due to a mandated leave and inability to stay in touch with clientele), salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendants until the date of verdict.  Plaintiff seeks reinstatement or all available damages in the absence of reinstatement being permitted or deemed appropriate by the Court;

B. Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to emotional distress damages under the ADA);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                                Respectfully submitted,

                                                **KARPF, KARPF & CERUTTI, P.C.**

By:                                                              _____
                                                Ari R. Karpf, Esq.
                                                Christine E. Burke, Esq.
                                                3331 Street Road
                                                Two Greenwood Square, Suite 128
                                                Bensalem, PA 19020
                                                (215) 639-0801
                                                *Attorneys for Plaintiff*

Dated: March 31, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Thomas Lemon : CIVIL ACTION
v. :
University of Pennsylvania Health System d/b/a The Trustees of the University of Pennsylvania, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 3/31/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1623 Linda Drive, West Chester, PA 19380

Address of Defendant: 800 Spruce Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/31/2022     _____ (signature)     ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/31/2022     _____ (signature)     ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LEMON, THOMAS

**DEFENDANTS**

UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM D/B/A THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- **X** 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

*PERSONAL INJURY*
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
*Other:*
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PHRA and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes  No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 3/31/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print    Save As...    Reset